IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FIRST CALL AMBULANCE SERVICE, LLC, | ) ) | CIVIL ACTION NO. |
| Defendant. | ) ) ) ) ) ) | C O M P L A I N T  JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Cressa Collier who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission contends that Defendant, First Call Ambulance Service, LLC, subjected Ms. Collier to discrimination because of her sex (pregnancy) by refusing to accommodate her pregnancy related lifting restriction.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, First Call Ambulance, LLC ("Defendant Employer") has continuously been a Tennessee company doing business in the State of Tennessee and the City of Nashville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Cressa Collier filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On July 24, 2015, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the initiation of this lawsuit have been fulfilled.

11. Since on or about January 21, 2014, Defendant Employer engaged in unlawful employment practices at its Nashville, Tennessee facility, in violation of Section 2000e-2(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a). The unlawful employment practices include failing to accommodate Cressa Collier's lifting restriction because of her sex (pregnancy).

   a. Defendant Employer hired Cressa Collier in 2009 as an EMT-IV.

   b. Defendant Employer promoted Ms. Collier to a Paramedic position in 2011.

   c. On or about January 8, 2014, Ms. Collier informed Defendant Employer's HR Manager (Nina Mothershed) that she was pregnant and presented a doctor's note which outlined Ms. Collier's lifting restriction, stating "Please no lifting patients greater than 200 pounds without assistance."

   d. On or about January 21, 2014, Ms. Collier was called into a meeting with HR Manager Mothershed.

   e. On or about January 21, 2014, Ms. Collier observed that she had been removed from her shifts on the schedule.

   f. Defendant Employer allowed non-pregnant employees to use a power cot to lift patients.

3

Case 3:15-cv-01041    Document 1    Filed 09/28/15    Page 3 of 6 PageID #: 3

g. Ms. Mothershed informed Ms. Collier in the meeting on or about January 21, 2014 that Defendant Employer could not accommodate Ms. Collier's lifting restriction.

h. Ms. Mothershed also informed Ms. Collier in the meeting on or about January 21, 2014 that Ms. Collier could not work because of her pregnancy, and informed Ms. Collier that she must take unpaid leave.

12. The unlawful employment practices include Defendant Employer maintaining a policy of refusing to accommodate female employees with lifting restrictions due to pregnancy while providing accommodations to non-pregnant employees.

13. The effect of the practice(s) complained of in paragraphs 11 and 12 above has been to deprive Cressa Collier of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex (pregnancy).

14. The unlawful employment practices complained of in paragraphs 11 and 12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 11 and 12 above were done with malice or with reckless indifference to the federally protected rights of Cressa Collier.

16. The effect of the practices complained of in paragraph 12 above has been to deprive other employees of equal employment opportunities and otherwise adversely their status as employees, in violation of Title VII.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

4

Case 3:15-cv-01041   Document 1   Filed 09/28/15   Page 4 of 6 PageID #: 4

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in acts of sex discrimination.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Cressa Collier, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Cressa Collier, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 (a)-(f) above.

E. Order Defendant Employer to make whole Cressa Collier by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11 (a)-(f) above, including, but not limited to, emotional distress, pain and suffering, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Cressa Collier punitive damages for its malicious and reckless conduct described in paragraphs 11 (a)-(f) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    s/ Faye A. Williams
    FAYE A. WILLIAMS
    Regional Attorney
    TN Bar No. 11730

    s/ Gerald L. Thornton
    GERALD L. THORNTON
    Supervisory Trial Attorney
    TN Bar No. 015898

    s/ Kelley Thomas
    KELLEY THOMAS
    Trial Attorney
    TN Bar No. 023926

    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    1407 Union Avenue, Suite 901
    Memphis, TN 38104
    (901) 544-0099